IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL METTING, on behalf of himself and others similarly-situated, | § § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 5:17-cv-00044 |
| v. | § § | |
| TIERRA LEASE SERVICE, LLC, | § § | JURY DEMAND |
| *Defendant.* | § § | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff RUSSELL METTING ("Plaintiff" or "Metting"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through his counsel, files this Collective Action Complaint against TIERRA LEASE SERVICE, LLC (hereinafter "Defendant" or "Tierra"), and seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and Defendant's breach of contract and hereby states and alleges as follows:

### I.   INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff METTING, on behalf of himself and all others similarly-situated, who were formerly or are currently employed as laborers, roustabouts, and heavy equipment operators by Defendant, for damages resulting from Defendant's failure to comply with the overtime requirements of the FLSA.

2. Plaintiff METTING is one of a number of laborers, roustabouts, and heavy equipment operators who are or were formerly employed by Defendant and whose compensation

was improper under the FLSA because Defendant failed to compensate them for their overtime hours at a rate of at least one and one-half times their regular hourly rate. As their employer, the Defendant required and/or permitted Plaintiff and the other laborers, roustabouts, and heavy equipment operators to routinely work in excess of forty (40) hours per week, but failed or refused to compensate them for all such overtime hours worked in accordance with the FLSA. Specifically, Plaintiff and other laborers, roustabouts, and heavy equipment operators were required to report to Defendant's facility to get their work assignments and tools before going to the job site to which they were assigned on a given day, but Plaintiff and the other laborers, roustabouts, and heavy equipment operators were not compensated for the time they spent working before arriving at or after leaving the job site to which they were assigned on a given day, although that time was compensable work time under the FLSA. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

3. Because the Plaintiff and similarly situated employees are non-exempt covered employees pursuant to the Fair Labor Standards Act and have not been paid pursuant to the wage and hour provisions of the Fair Labor Standards Act by the Defendant, Plaintiff brings this action on behalf of himself and all other similarly situated employees, seeking legal and equitable relief provided under the FLSA.

## II.     JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1) because a substantial portion of the events forming the basis of this Complaint occurred in this District and because Defendant resides in this District.

### III. THE PARTIES

6. Plaintiff METTING was at all material times one of a number of laborers, roustabouts, and heavy equipment operators employed by Defendant who were not paid proper overtime. He presently resides in Texas and has been a resident of Texas during all material times. Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

7. Defendant TIERRA LEASE SERVICE, LLC ("Tierra" or "Defendant") is a Texas limited liability company with its principal place of business in Texas, and doing business in Texas, which can be served with process by serving its registered agent, Joseph Newberry, at 2838 CR 138, Kenedy, Texas 78119, or wherever he may be found.

### IV. COVERAGE

8. Defendant transacts business in Texas.

9. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

10. At all material times, Defendant has been an employer of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

12. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendant, who are covered by the FLSA because Defendant is a covered enterprise.

13. At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production for goods for commerce within the meaning of the FLSA.

## V. GENERAL FACTUAL ALLEGATIONS

14. Defendant Tierra is a Texas corporation that provides equipment and personnel to oil drilling operators in Texas.

15. Plaintiff, and all others similarly-situated, at all material times, worked for Defendant as non-exempt laborers, roustabouts, and heavy equipment operators. Plaintiff and other similarly situated employees were and are covered by the same policies promulgated by Defendant related to their duties, pay, and non-exempt status, among others.

16. Plaintiff worked for Defendant from about November 2014 through July 2016 as a heavy equipment operator. In this position, Plaintiff performed manual labor in oil fields in Texas. Plaintiff's work day started when he arrived at Defendant's storage yard each morning, where he would receive his work assignment for the day, inspect his vehicle, acquire tools from the equipment room, load his vehicle, complete paperwork, attend weekly safety meetings, and perform other necessary work before traveling to the day's job site as instructed. The other similarly-situated employees also began their day at the storage yard before traveling to their assigned job site. Plaintiff and the other similarly-situated employees also, at times, traveled from their assigned job site back to the Defendant's storage yard before ending their work day.

17. Plaintiff and the other similarly-situated employees were paid an hourly rate. However, Defendant informed Plaintiff and the other similarly-situated employees that they would only be compensated for the time they spent at the job site and would not be compensated for the time they spent working at the storage yard or their travel time between the Defendant's storage yard and the job site.

18. Plaintiff and the other similarly-situated employees frequently worked hours in excess of 40 hours per week, but were not compensated for all of the hours they worked.

19. Defendant employs a number of laborers, roustabouts, and heavy equipment operators and has promulgated policies whereby these non-exempt employees are not compensated for all hours worked in excess of 40 hours per week at a rate of at least one-and-one-half times their regular hourly rate, and Defendant is obligated, pursuant to the FLSA, to maintain the records for the non-exempt employees' employment including, but not limited to, pay records.

20. Plaintiff and each of the non-exempt laborers, roustabouts, and heavy equipment operators regularly work and worked in excess of forty hours per week without overtime compensation at the rate of time and one-half their regular rate for all hours worked in excess of 40 hours per week. Such conduct by Defendant is a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

21. In Plaintiff's final pay period working for Defendant, Plaintiff worked in excess of fifty hours but was paid only $0.01 after Defendant made unauthorized deductions from Plaintiff's paycheck. As a result, at least in his last pay period, Plaintiff was paid at an effective hourly rate below the minimum wage mandated by the FLSA. *See* 29 U.S.C. § 206. This also

resulted in a breach of the agreement reached by Plaintiff and Defendant, whereby Plaintiff was to perform work for Defendant at the agreed upon hourly rate. Defendant also breached that agreement in prior pay periods, when Defendant unilaterally decided to reduce Plaintiff's hourly rate without Plaintiff's consent.

22. For several years prior to filing this Complaint (hereinafter the "Liability Period"), Defendant had a policy and practice of not correctly compensating its non-exempt hourly employees for work performed for the benefit of Defendant over and above forty (40) hours per week as required under the FLSA, resulting in violations of both the minimum wage and the overtime provisions of the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Paragraphs 1-22 are incorporated herein as if set forth in full.

24. Plaintiff (the "Collective Action Representative") brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as the representative of all similarly-situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> *All employees currently or formerly employed by Defendant since January 20, 2014, as laborers, roustabouts, or heavy equipment operators who were not compensated at a rate of at least one-and-one-half times their regular hourly rate for all hours worked over forty (40) in a given workweek.*

25. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of

failing or refusing to compensate its employees at a rate of at least one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week.

27. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may be easily and quickly notified of the pendency of this action.

28. Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting. Plaintiff is aware of current and former employees of the Defendant that have been affected.

29. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    (a) Whether Plaintiffs were compensated for all hours worked;

    (b) Whether Plaintiffs worked more than forty (40) hours per week;

    (c) Whether Plaintiffs were compensated at time-and-one-half their "regular rate" for all hours worked over forty in any and all weeks;

    (d) Whether Defendant's practices accurately account for the time Plaintiffs actually were working;

    (e) Whether Defendant's compensation policy and practice is illegal;

    (f) Whether Defendant had a policy and practice of willfully failing to compensate employees for overtime; and

30. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

31. The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

32. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly-situated current and former employees. The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

33. The Collective Action Representative is an adequate representative of similarly-situated current and former employees because he is a former employee of the same entity and his interests do not conflict with the interests of the other similarly-situated current and former employees he seeks to represent. The Collective Action Representative worked for the Defendant and worked the hours which are the subject of this complaint and further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and his undersigned counsel.

34. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts

and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## VII. COUNT I
### (Violation of FLSA, 29 U.S.C. § 207)

35. Paragraphs 1-34 are incorporated herein as if set forth in full.

36. At all material times, Plaintiff was an employee of Defendant.

37. At all material times, Defendant, as more fully set forth above, required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for all such hours.

38. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

39. Accordingly, Plaintiff and all persons similarly-situated have been deprived of overtime compensation in amounts to be determined at trial.

40. Further, Plaintiff and all persons similarly-situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

41. Finally, the claims in the action are subject to a three-year statute of limitations as opposed to two because the violations of the FLSA by the Defendant were willful. Specifically, the Defendant had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of at least $7.25 per hour for all hours worked and overtime compensation at a rate of at least one-and-one-half times their regular hourly rate for all hours worked beyond forty (40) per week. 29 U.S.C. § 255.

## COUNT II

**(Violation of FLSA, 29 U.S.C. § 206)**

42. Paragraphs 1-41 are incorporated herein as if set forth in full.

43. Defendant failed to compensate Plaintiff for the hours Plaintiff worked in his last pay period because Defendant reduced Plaintiff's pay in that last pay period to $0.01 by taking unauthorized and unlawful deductions from Plaintiff's paycheck.

44. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their hours worked at a rate of at least $7.25 per hour. *See* 29 U.S.C. § 206.

45. Accordingly, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial.

46. Further, Plaintiff is entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## COUNT III
**(Breach of Contract)**

47. Paragraphs 1-46 are incorporated herein as if set forth in full.

48. Defendant failed to compensate Plaintiff for the hours Plaintiff worked in his last pay period because Defendant reduced Plaintiff's pay in that last pay period to $0.01 by taking unauthorized and unlawful deductions from Plaintiff's paycheck.

49. When Plaintiff began working for Defendant, Defendant agreed to compensate Plaintiff for hours worked at an agreed hourly rate. Plaintiff worked the hours Defendant requested Plaintiff to work in his last pay period but Defendant failed to compensate Plaintiff for those hours.

50. Additionally, during Plaintiff's final year of employment with Defendant, Defendant unilaterally decided to reduce Plaintiff's hourly rate without Plaintiff's consent. Plaintiff performed the work requested of him, in accordance with the agreement he reached when he began to work for Defendant, and fully performed under the terms of the agreement, but Defendant breached the agreement by failing to compensate Plaintiff for his time worked at the rate agreed upon.

51. As a direct result of Defendant's breach, Plaintiff has sustained damages.

## **PRAYER FOR RELIEF**

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid minimum wages owed for all hours worked pursuant to the rate provided by the FLSA;

(d) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum wage and overtime compensation owed to them;

(e) issue an Order directing and requiring Defendant to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(f) issue an Order directing and requiring Defendant to compensate Plaintiff for actual, compensatory, liquidated, and/or consequential damages, attorneys' fees, and costs caused by Defendant's breach of contract;

(g) issue an Order declaring Defendant's pay practices to be illegal and directing Defendant to comply with the FLSA;

(h) issue an Order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(i) provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By: /s/ Charles W. Branham, III
Charles W. Branham, III
Texas Bar No. 24012323
Corinna Chandler (of counsel)
Texas Bar No. 24061272
DEAN OMAR & BRANHAM, LLP
3900 Elm Street
Dallas, Texas 75201
214-722-5990
214-722-5991 (fax)
tbranham@dobllp.com
cchandler@dobllp.com

**ATTORNEYS FOR PLAINTIFF**